UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) |  |
| Plaintiff, | ) |  |
| vs. | ) | CV 97-L-2921-S |
| 1.956 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; et al., | ) ) ) |  |
| RE: CULLMAN PARCEL NO. 94 | ) ) |  |
| Defendant. |  |  |

FILED
MAR 10 PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 10 1999

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court are motions to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ("Southern") and defendant Evelyn C. Kilgo ("Defendant"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, the parties' objections to the Report of Commissioners, as well as the court's findings.

10

## II. Damages Awarded For The Permanent Easement ($6,860)

The Commissioners awarded $6,860 for the 1.956 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

## III. Amount Awarded For Temporary Easement ($712)

The Commissioners recommended that $712 was appropriate compensation for the temporary construction easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the Court.

## IV. Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded $6,000 for damage to the remainder of the property outside of the permanent easement. Southern objects to this award arguing that the award of $6,000 is not properly supported by any credible evidence before the Commission and is clearly erroneous. Defendant argues that the Commissioners' award of $6,000 fails to adequately compensate her for the damage to the remaining property. Defendant testified that there would be damages to the remainder property after the taking in excess of $150,000.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which

the reasons given for their opinions appear to be sound and reasonable." (*See pp. 8-9*) The defendant did not identify the type of damages to the remainder for which compensation was given, and she presented no evidence to support the contention that the pipeline would impact future development.

The defendant testified that she felt that the highest and best use of the property was as residential property, and she introduced a map drawn by Brasfield & Brown dividing the property in 52 lots as well as her home site. Defendant testified that she and her husband had the map drawn after they heard that the pipeline might be coming through the area. Mrs. Kilgo further testified that they had taken no other steps toward subdividing the property other than having a map drawn dividing the property into lots. As stated in the Instructions to the Commissioners established by this court, when the Commission calculates "just compensation" for property uses:

> consideration should be given not only to the uses to which the property was being put on the date of taking, but also to any other more economically valuable uses for which, as of the date of taking (and but for the taking), the property was adaptable and needed (or likely to be needed in the reasonably near future) by other owners... It would not be proper to consider any alternative use unless the evidence shows that to have been (but for the taking) a probable use in the reasonably near future. *See pp. 10-11*

There was no evidence presented to show that the development of a subdivision was probable in the reasonably near future. Thus, the court finds that the defendants did not establish a "probable use in the reasonably near future," that would allow them to challenge damages.

After considering all evidence, the Court finds that the $6,000 awarded for the damage to the remainder of the property recommended in the Commissioner's report is clearly erroneous. Therefore, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

V.     Damages Awarded For The Loss Of Timber ($1,000)

The Commissioners awarded $1,000 for the loss of timber. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

VI.    Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $14,572. The court has decided to moderate such award from $14,572 to $8,572, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In the view of the foregoing discussion, a judgment will be entered in the amount of $8,572 as just compensation to the owners of Cullman Parcel 94 for the taking of the above-described easement.

DONE this 5th day of March, 1999.

*[signature]*
SENIOR JUDGE